# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CHERIE BOYER in her individual   )
capacity and on behalf of S.B., a   )
minor   )
  )
    Plaintiff,   )
  )
v   )     No. 4:24CV653 HEA
  )
GATEWAY REGIONAL YOUNG   )
MEN'S CHRISTIAN   )
ASSOCIATION and HILLSBORO   )
R-3 SCHOOL DISTRICT,   )
    Defendants.   )
  )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Hillsboro R-3 School District's Motion to Dismiss, [Doc. No. 11]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be granted.

### Facts and Background[1]

Plaintiff brought this matter alleging discrimination and retaliation against Plaintiff and her minor child in an after-care program in a public school. Plaintiff brought claims against Defendant Gateway Region Young Men's Christian

---

[1] The recitation of facts is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof thereof in future proceedings in this matter.

Association ("YMCA"), the entity that supervises the program, and Hillsboro R-3 School District ("the District"), the entity where the program is located.

The Petition alleges Plaintiff's minor son is an individual with one or more physical or mental impairments which substantially limit one or more of his major life activities and which, with or without reasonable accommodation, do not interfere with his utilizing Defendants' places of public accommodation.

Defendant YMCA contracts with the District to provide the District's students with before- and after-school care, which in the District is called "Y Care." Defendant YMCA provides Y Care services to District students, including S.B., under the terms of a contract. Because it receives tax dollars to educate the students in its schools, the District is legally prohibited to contract with any agent or entity that discriminates on the basis of disability.

The Petition alleges that the District contracts with the YMCA to manage and staff the Y Care Program at some of the District's elementary schools, including Hillsboro Primary. Further, Plaintiff alleges that at all relevant times "the District aided and abetted or attempted to aid and abet Defendant YMCA in the commission of discriminatory acts against Plaintiffs."

In 2022 and 2023, the District contracted with YMCA to staff and operate the Y Care program at Hillsboro Primary School, where Plaintiff S.B. was a

student. On August 22, 2022, S.B. started attending Y Care after school at Hillsboro Primary.

On September 20, 2022, the principal at Hillsboro Primary called Plaintiff and informed her that S. B. eloped from Y Care and was wandering the halls unattended.

Plaintiff alleges that because it receives tax dollars to educate the students in its schools, the District is legally prohibited from contracting with any agent or entity that discriminates on the basis of disability.

The Petition further alleges at all relevant times, the District aided and abetted or attempted to aid and abet the YMCA in the commission of discriminatory acts against Plaintiffs.

On May 22, 2022, Ms. Boyer contacted Defendant YMCA regarding Y Camp and Y Care. An employee of Defendant YMCA ("Gore") indicated that Defendant YMCA does make accommodations for children with disabilities. Based on Gore's representation, Ms. Boyer filled out an application for Y Camp and Y Care and submitted documentation from S.B.'s pediatrician and other documentation that demonstrated S.B.'s disabilities and his need for the requested accommodations. One of the requested accommodations was a one-on-one aide (a "Para") to prevent elopement and moderate S.B.'s behaviors.

Defendant YMCA accepted S.B.'s application and enrolled him in Y Camp.

Defendant YMCA stated to Ms. Boyer that it would provide a Para to S.B. at Y Camp.

During the summer of 2022, Ms. Boyer noticed that a Para was frequently not present with S.B. Ms. Boyer brought her concerns to Defendant YMCA, including a supervisor ("Link"). In August 2022, Ms. Boyer reported to Defendant YMCA an incident where S.B. wandered unattended around a parking lot with an entire spool of ribbon wrapped around his finger.

On August 22, 2022, S.B. started attending Y Care after school at Hillsboro Primary. Again, Defendant YMCA stated to Ms. Boyer that it would provide a Para to S.B. at Y Care. Throughout S.B.'s time at Y Care, Defendants rarely provided a Para to S.B. while he was in Y Care, and S.B. was commonly left alone.

After the incident on September 20, 2022, Ms. Boyer began receiving daily oral complaints regarding S.B.'s behavior. The behaviors about which Defendant YMCA complained were manifestations of S.B.'s disabilities.

Ms. Boyer inquired again about S.B.'s accommodations and also gave recommendations on things that worked well with S.B.

On December 15, 2022, Defendant YMCA gave a handful of write-ups for Ms. Boyer to sign regarding S.B. The write-ups were regarding behaviors S.B. displayed due to his disability, behaviors that are more prominent when his accommodations are not met.

4

On December 16, 2022, Ms. Boyer was handed the pink portion of the write-ups provided the previous day, along with one more write-ups. Ms. Boyer noticed that the write-ups referenced old dates and were *post hoc* write-ups for alleged behaviors from the past.

Defendant YMCA tried to make Ms. Boyer sign a statement agreeing that S.B. would be removed from its programs if his behaviors persisted, but Ms. Boyer refused to sign such a statement.

Ms. Boyer asked a supervisor to contact her to discuss the behaviors and accommodations. Instead, however, the executive director for Defendant YMCA ("Siefert") emailed Ms. Boyer and terminated Y Care. Siefert's email falsely stated that Ms. Boyer threatened staff, which she did not do.

Defendant YMCA excluded S.B. from its programs after making no accommodations in its zero-tolerance policy for S.B.'s disabilities.

S.B. could have successfully accessed Y Care with the requested reasonable accommodation of a Para, or with other accommodations if Defendants had engaged in an interactive process.

**Legal Standard**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## Discussion

Defendant District moves to dismiss the Petition because it claims the allegations are insufficient to state a valid claim against it. The sparce allegations specific to the District are that it contracted with the YMCA for the YMCA to house the Y Care summer and before and aftercare programs on its Hillsboro Primary campus and that it aided and abetted the YMCA in discriminatory and retaliatory actions in violation of federal and Missouri law.

MHRA-Aiding and Abetting:

The Missouri Supreme Court has adopted the Restatement of Torts standard of aiding and abetting in the MHRA context.

> This Court has not previously set forth the ultimate facts necessary to support an aiding and abetting claim under the MHRA but finds the Restatement (Second) of Torts to be persuasive. Section 876(b) of the Restatement states: "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he ... knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." "The assistance of or participation by the defendant may be so slight that he is not liable for the

6

act of the other." Restatement (Second) of Torts § 876 cmt. d (1979). To determine whether a defendant provided substantial encouragement or assistance, the Court considers "the nature of the act encouraged, the amount of assistance given by the defendant, his presence or absence at the time of the tort, his relation to the other[,] and his state of mind ...." Id. Employment discrimination cases "are inherently fact-based and often *370 depend on inferences rather than on direct evidence." *Lampley*, 570 S.W.3d at 22.

*Matthews v. Harley-Davidson*, 685 S.W.3d 360, 369–70 (Mo. 2024), reh'g denied (Apr. 2, 2024).

Plaintiff's allegations fail to satisfy the Restatement's requirements. As Defendant argues, the conclusory allegations that the District "aided and abetted" the YMCA in discriminating and retaliating against Plaintiff and her son fail to set forth any facts which could plausibly set forth a claim. Nothing in the allegations give rise to even any inferences of aiding or abetting. The sole act taken by the District alleged is that it contracted with the YMCA to provide a location for the programs.

Discrimination-MHRA

To prevail on her claims on behalf of her son, Plaintiff must show that (1) he is a member of a class protected by section 213.065, (2) he was discriminated against in the use of a public accommodation, (3) his status as a member of a protected class was a motivating factor in that discrimination, and (4) he suffered damages as a result. *R.M.A. by Appleberry v. Blue Springs R-IV School District*,

568 S.W.3d 420, 425-28 (Mo. 2019); *Glore v. Potosi R-III Sch. Dist.*, 722 F. Supp. 3d 950, 954 (E.D. Mo. 2024).

Once again, Plaintiff has failed to allege any facts which could establish the District took any discriminatory actions against her son, either directly or indirectly. The District is simply the entity which contracted with the YMCA to provide a space for the Y Care programs. Without more, Plaintiff's claim fails to state a claim.

Retaliation-MHRA

> Under the MHRA. Section 213.070.1(2) provides that it is "an unlawful discriminatory practice for an employer ... [t]o retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by [the MHRA] or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to [the MHRA]." To plead a claim of unlawful retaliation under the MHRA, a pleading must set forth the following ultimate facts: "(1) [the plaintiff] complained of or otherwise opposed discrimination; (2) the [employer] took adverse action against [the plaintiff]; and (3) a causal relationship exists between the complaint [or opposition of discrimination] and the adverse action." *Harrison v. Harris-Stowe State Univ.*, 626 S.W.3d 843, 857 (Mo. App. E.D. 2021).

*Barrett v. Cole Cnty.*, 687 S.W.3d 685, 702 (Mo. Ct. App. 2024).

Plaintiff's claim against the District fails once again to set forth the necessary allegations to state a claim. The sole allegation of contracting with the YMCA is insufficient. While Plaintiff alleges the YMCA took certain actions

8

against her, there is nothing set out in the Petition with regard to any retaliatory actions of the District.

Failure to Accommodate-ADA

> "Title III of the ADA proscribes discrimination in places of public accommodation against persons with disabilities." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000); see 42 U.S.C. § 12182(a). Discrimination is defined by the ADA as "a failure to take such steps as may be necessary to ensure that no individual with a disability is ... treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

*Durand v. Fairview Health Servs.*, 902 F.3d 836, 841 (8th Cir. 2018).

The Petition, while alleging the YMCA failed to accommodate S.B., is completely devoid of any allegations claiming the District took any action against him based on his disabilities. Nowhere does Plaintiff claim the District did anything other than contracting with the YMCA to provide the space for the YMCA programs. Such failure requires dismissal under Rule 23(b)(6).

## Conclusion

Plaintiff's Petition fails to satisfy the pleading requirements of *Iqbal* to state a plausible claim against Defendant Hillsboro R-3 School District. The claims against it must, therefore, be dismissed

Accordingly,

**IT IS HEREBY ORDERED** that Defendant District's Motion to Dismiss Plaintiff's Petition as it relates to the District is granted

**IT IS FURTHER ORDERED** that Hillsboro R-3 School District is

dismissed from this action.

Dated this 10th day of January,  2025.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE